IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DEPOT INVESTORS, LTD., )
)
         Plaintiff, ) TC-MD 150309D
)
     v. )
)
BENTON COUNTY ASSESSOR, )
)
         Defendant. ) **FINAL DECISION**

This Final Decision incorporates without change the court's Decision, entered February 18, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16 C(1).

Plaintiff appeals the real market value of personal property, identified as Account 39965 (subject property), for the 2014-2015 tax year. A trial was held in the Oregon Tax Courtroom on November 23, 2015, in Salem, Oregon. Hollis McMilan appeared on behalf of Plaintiff. Dean Rothenfluch (Rothenfluch) and Arthur Garnet "Gary" Pond (Pond) testified on behalf of Plaintiff. Richard Newkirk (Newkirk) and Taryn Selvey (Selvey) appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 3 were received without objection. Defendant's Exhibits C and G were received over Plaintiff's objection. Defendant's Exhibit B was not received. This matter was tried concurrently with case TC-MD 150308D.

On November 19, 2015, Plaintiff filed an Unopposed Emergency Motion to allow the testimony of Terry Emmert (Emmert) to be by telephone on the basis that he had injured himself while in Mexico and was unable to attend the trial. On November 20, 2015, Plaintiff filed an Emergency Motion to Reschedule Trial based on the unavailability of Emmert. The court granted Plaintiff's motion to allow Emmert to testify by phone, however, counsel for Plaintiff

was unable to contact him. The court denied Plaintiff's request to reschedule the trial pursuant to TCR-MD 8 B(3) because Emmert's testimony was not necessary to the presentation of the case and because it was unknown how long Emmert would be unavailable.

## I. STATEMENT OF FACTS

The subject property consists of restaurant equipment and fixtures located at 603 NW Second Street, Corvallis, Oregon (Second Street property), which is owned by Plaintiff. (Ptf's Ex 2.) For the last 20 years, Plaintiff has leased the Second Street property to a number of tenants operating restaurants. (*Id.*) In 2009, Plaintiff's long term tenant, Michael's Landing, defaulted on its lease. (Ptf's Ex 3 at 1.) The tenant agreed that Plaintiff would retain the fixtures and restaurant equipment at the Second Street property. (*Id.*) Selvey testified that Plaintiff told Defendant all the equipment had been removed prior to January 10, 2010. Selvey testified that Defendant's records show that Lafontaine Nguyen, the owner of Riverfront Restaurant, leased the Second Street property from Plaintiff and left in June 2011, and Mr. Nguyen then sublet to Terminus. Selvey testified that in 2011, Terminus presented Defendant with a personal property list indicating that much of the equipment from Michael's Landing was still located at the Second Street property and being utilized. She testified that Terminus filed personal property tax returns from 2011 to 2013 and they added some items of equipment. In July 2013, Terminus provided Defendant with an updated copy of the equipment list in the Second Street property at that time. (Ptf's Ex 1). In December 2013, Terminus sent a Letter to Defendant stating that he had been subletting from Mr. Nguyen and was abandoning the lease and Mr. Nguyen did not intend to resume the lease. (Test of Selvey.) The Second Street property was vacant as of January 1, 2014. (Test of Rothenfluch.)

/ / /

In March 2015, Plaintiff negotiated a lease with Old Spaghetti Factory (OSF). (Test of Pond.) In connection with those negotiations, OSF advised Plaintiff that the personal property and fixtures contained in the Second Street property had no value for its business, and worse, had a cost associated with their removal. (Test of Pond.) Plaintiff gave OSF a rent concession, in part, for the removal of the personal property and fixtures at the Second Street property. (Test of Pond.)

Rothenfluch testified that he has no personal knowledge of the items of personal property that were in the Second Street property on January 1, 2014. In preparation for the trial, Rothenfluch took the list of personal property which was prepared by Terminus in 2013, and researched the value of items using the websites Craigslist and E-bay. (Test of Rothenfluch.) Rothenfluch found a few of the items on the personal property list and opined that they had a maximum combined value of $3,000 to $4,000. (*Id*.)

Selvey testified that Defendant relies on businesses to self-report their personal property and file a return by March 1st of each year. Selvey testified that Defendant does not specifically appraise each item, but relies on the original cost and then applies a discount factor based on a formula provided by the Department of Revenue. Selvey also testified that Plaintiff did not file a personal property tax return in March of 2014 for the 2014-15 tax year.

## II. ANALYSIS

ORS 308.290[1] requires that taxpayers report their acquisitions and dispositions of personal property on their property tax returns. As part of the return, the taxpayer must include information as to each piece of property, including its description, the year it was acquired, and its cost. ORS 308.290(3)(b). The filing of a return does not bar a taxpayer, on a subsequent

---

[1] The court's references to Oregon Revised Statutes (ORS) are to the 2013 edition.

appeal, from correcting inaccurate or incomplete information as to the listed items on which the tax is assessed. *See Benj. Franklin Savings and Loan v. Dept. of Rev.*, 310 Or 651, 801 P2d 771 (1990). A plaintiff may, on appeal, present information supplementing, or even contradicting, the original returns, and this information may be used to value the subject property, so long as plaintiff meets its burden of demonstrating that this new information is the more reliable and persuasive. (*Id*. at 667.) "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *."
ORS 305.427.

Personal property is required to be valued at 100 percent of its real market value. ORS 308.232. "Real market value" is defined as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." ORS 308.205(1). If, however, "the property has no immediate market value, its real market value is the amount of money that would justly compensate the owner for loss of the property." ORS 308.205(2)(c). Consequently, to determine the real market value of the property under appeal, we must determine if it has a real market value, and, if not, what value would justly compensate the owner for its loss. "Real market value in all cases shall be determined by the methods and procedures in accordance with the rules adopted by the Department of Revenue * * *." ORS 308.205(2). Department of Revenue regulations provide that the "[r]eal market value of all personal property must be as of the date of assessment in accord with the statutory definition and must take into account the location and place in the level of trade or items of property in the hands of manufacturers, producers, wholesalers, distributors, retailers, users, and others." OAR

150-308.205-(A)(4).  In determining those values, however, the law does not provide fixed principles of valuation for the appraisal of property.  The appropriateness of a particular method or combination of methods of valuation is a question of fact to be determined by the record in each case.  *Brooks Resources Corp. v. Dept. of Revenue,* 286 Or 499, 503–04, 595 P2d 1358 (1979).  The assessment date for the 2014-15 tax year is January 1, 2014.  ORS 308.250(1).

Plaintiff did not file the required personal property tax return on March 1, 2014.  *See* ORS 308.290(4).  Plaintiff contends that the personal property had little or no value based on the sampling research performed by Rothenfluch and by the testimony of Pond that the personal property had no value and was actually an impediment to the OSF lease agreement.  While the personal property may have had little or no value to Plaintiff or its new tenant, OSF, the personal property was located at the Second Street property as of January 1, 2014, and was used as late as 2013.  The personal property had some value.  Plaintiff offered insufficient evidence of what personal property was in the subject property on January 1, 2014, or its real market value.  Rothenfluch did not know the actual contents and his testimony was not persuasive as to real market value of the subject property.  The burden of proof is on the Plaintiff.  Here, Plaintiff failed to meet its burden of proof.

### III.  CONCLUSION

The court has carefully evaluated the evidence and testimony in light of the applicable law and concludes that Plaintiff has failed to meet its burden of proof.  Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of February 2016.

 

_____
RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.***

***This document was filed and entered on March 14, 2016.***